UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                           Plaintiff,

       v.                                          25-CV-1352

ONE (1) ROLEX OYSTER PERPETUAL DAYTONA
COSMOGRAPH WRISTWATCH, AND

$1,360.00 IN UNITED STATES CURRENCY,

                           Defendants *in rem*.
_____

## VERIFIED COMPLAINT FOR FORFEITURE

The United States of America, by its attorneys, Michael DiGiacomo, United States Attorney for the Western District of New York and Mary Clare Kane, Assistant United States Attorney, of counsel, for its Verified Complaint herein alleges as follows:

## NATURE OF ACTION

1. This is a civil action *in rem* pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 21, United States Code, Section 881(a)(6) for the forfeiture of one (1) Rolex Oyster Perpetual Daytona Cosmograph chronograph wristwatch, Model number 126500, bearing serial number OXJ25447 (the "Defendant Watch"), and approximately $1,360.00 in United States Currency (the "Defendant Currency"), which were seized from Niall Patrick Bergen (hereinafter, referred to as "BERGEN") following his arrest on or about July 15, 2025 in Tonawanda, New York, 14150.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction of this action commenced by the United States pursuant to Title 28, United States Code, Section 1345 and over an action for forfeiture pursuant to Title 28, United States Code, Section 1355(a). This Court has *in rem* jurisdiction pursuant to Title 28, United States Code, Section 1355(b) because the acts or omissions giving rise to the forfeiture occurred in the Western District of New York.

3.      Venue is properly premised in the Western District of New York pursuant to Title 28, United States Code, Section 1395, because the Defendant Currency and the Defendant Watch (collectively hereinafter, the "Defendant Property") are currently in the custody of the United States Customs and Border Protection for the Western District of New York.

## FACTUAL BACKGROUND

**Summary**

4.      On or about July 15, 2025, various law enforcement agencies began a day's long investigation into a shipping container that was used to ship controlled substances to the Western District of New York and the activity associated with the movement of the same. During the course of the investigation, law enforcement officers uncovered evidence that linked BERGEN to the shipping container and to two storage units in Williamsville, New York. Law enforcement officers subsequently executed several New York State search warrants, which resulted in the seizure of a large amount of controlled substances from the shipping container and the storage units, and the seizure of the Defendant Property. As a

2

result of the investigation, BERGEN was arrested and charged with various New York State Penal Law violations. The facts of this investigation are set forth below.

**Narcotics Canine Alerts to Shipping Container**

5.  On or about July 15, 2025, the Erie County Sheriff's Office ("ECSO") received information that a shipping container containing controlled substances was shipped from Commerce, California to TForce Freight, a freight service center, located at 2580 Kenmore Avenue, Tonawanda, New York 14150.

6.  A United States Border Patrol Agent and his Canine partner, Todor, a certified Narcotic Dog Team, trained in the detection of Marijuana, Cocaine, Methamphetamine, Heroin, Ecstasy, and their derivatives were contacted to provide canine assistance after TForce Freight personnel provided consent to law enforcement officials to enter the premises.

7.  United States Border Patrol Canine Todor positively alerted to the presence of a controlled substance in the shipping container referenced above.

**NYS Search Warrant Executed on U-Haul Truck Associated with Shipping Container**

8.  On or about July 15, 2025, law enforcement officers observed a U-Haul truck arrive at the TForce Freight location and drive away with the shipping container.

9.  On or about July 15, 2025, ESCO Narcotics and Intelligence deputies and Homeland Security Investigations ("HSI") Buffalo Homeland Security Taskforce ("HSTF")

agents conducted a traffic stop of the U-Haul truck and executed a New York State search warrant of the U-Haul truck.

10. During the execution of this search warrant, law enforcement officials seized:

      a. Approximately one hundred (100) pounds of marijuana and marijuana concentrate.

11. Based on training and experience, including odor recognition, law enforcement officers recognized the green, leaflike substances seized as Marijuana, a Schedule I controlled substance.

12. A consent search of the cellular telephone found in the possession of the U-Haul truck driver revealed that the driver was hired by an individual through Craigslist to pick up the shipping container and deliver it to Extra Space Storage located at 161 Main Street in Williamsville, New York 14221.

13. Law enforcement officers conducted physical surveillance of the U-Haul truck and observed a black 2024 Genesis vehicle bearing New York registration LNZ8595 following the U-Haul truck. Law enforcement officers believed the driver of the 2024 Genesis was following the U-Haul truck to ensure the shipping container reached its intended destination.

**NYS Search Warrant Executed on 2024 Genesis and Seizure of Defendant Property**

14. On or about July 15, 2025, ESCO Narcotics and Intelligence deputies and HSI HSTF agents conducted a traffic stop of the 2024 Genesis on Interstate 290 in Tonawanda, New York and executed a New York State search warrant of the 2024 Genesis.

15. ESCO deputies identified BERGEN as the driver and sole occupant of the 2024 Genesis.

16. During the execution of this New York State search warrant, law enforcement officials seized:

    a. Two (2) keys to Extra Storage Space units;

    b. One (1) hex-shaped drill bit;

    c. The Defendant Currency; and

    d. The Defendant Watch.

17. Law enforcement officers conducted further investigation and confirmed that the seized hex-shaped drill bit matched the screws to open the shipping container. Law enforcement officers also confirmed that the seized keys were for storage units at Extra Space Storage located at 8161 Main Street in Williamsville, New York 14221.

**NYS Search Warrant Executed on BERGEN's Extra Space Storage Units**

18. Extra Space Storage personnel confirmed that BERGEN was listed as the renter of two units: Unit J208 and Unit J121.

19. ESCO deputies examined license plate readers which showed that the 2024 Genesis had been driving around the vicinity of Extra Space Storage on or about July 15, 2025.

20. A Niagara Frontier Transit Authority Officer and Canine Nev, a certified Narcotic Dog Team, trained in the detection of Marijuana, Cocaine, Heroin, Ecstasy, Methamphetamines, and their derivatives were contacted to provide canine assistance at Extra Storage Space.

21. Niagara Frontier Transit Authority Officer Canine Nev positively alerted to the presence of a controlled substance in both Extra Storage Space units: Unit J208 and Unit J121.

22. On or about July 15, 2025, law enforcement officials executed a New York State search warrant of the two Extra Space Storage units rented by BERGEN.

23. During the execution of this search warrant, law enforcement officials seized:

    a. Approximately two (2) kilograms of marijuana wax; and

    b. Approximately seven hundred and forty-three (743) grams of chocolate bars containing psilocybin.

24. Based on training and experience, including having familiarity of packaging used for cannabis products, law enforcement officers believe that the wax products seized contained Marijuana, a Schedule I controlled substance.

25. Based on training and experience, including having familiarity of packaging used for controlled substances, law enforcement officers believe that the chocolate bars seized contained psilocybin, a Schedule I controlled substance.

26. During the course of the investigation, law enforcement officers developed reliable and verified information that BERGEN was staying at the Aloft Hotel located at 4219 Genesee Street in Cheektowaga, New York.

**NYS Search Warrant Executed on BERGEN's Hotel Room at the Aloft Hotel**

27. Aloft Hotel personnel confirmed that BERGEN was staying on the fifth floor of their hotel in Room 516.

28. On or about July 16, 2025, a Niagara Frontier Transit Authority Officer and Canine Zev, a certified Narcotic Dog Team, trained in the detection of Marijuana, Cocaine, Heroin, Ecstasy, Methamphetamines, and their derivatives were contacted to provide canine assistance at the Aloft Hotel.

29. Niagara Frontier Transit Authority Officer Canine Nev positively alerted to the presence of controlled substances on the exterior doorway of BERGEN's hotel room.

30. On or about July 16, 2025, ESCO Narcotics and Intelligence deputies and HSI HSTF agents executed a New York State search warrant of BERGEN's hotel room at the Aloft Hotel.

31. During the execution of this search warrant, law enforcement officials seized:

    a. Approximately fifty-six (56) grams of chocolate containing psilocybin.

32. Based on training and experience, including having familiarity of packaging used for narcotics, law enforcement officers believe that the chocolate bar seized contained psilocybin, a Schedule I controlled substance. Law enforcement officers also determined that it was the same type of chocolate bar that was recovered from the storage units that BERGEN rented.

33. Following the searches of the shipping container and the Extra Storage Space Units, ECSO deputies arrested BERGEN for violations of New York State Penal Law (PL): two counts of PL 222.40-01, Criminal Possession of Cannabis 1st - More than 10 lbs. of Cannabis, PL 220.03, one count of Criminal Possession of a Controlled Substance 7th Degree (Complaint #25-066022), and one count of PL 222.30-02, Criminal Possession Cannabis 3 More than 5 ounces Concentrated (Complaint #25-066227).

34. The Defendant Currency was seized on the basis that it was furnished, or intended to be furnished, in exchange for a controlled substance and constitutes proceeds traceable to such exchange in violations of Title 21, United States Code, Section 846 and Title 21, United States Code, Section 841 and is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6).

35. The Defendant Watch was seized on the basis that it was furnished, or intended to be furnished, in exchange for a controlled substance and constitutes proceeds traceable to such exchange in violation of Title 21, United States Code, Section 846 and Title 21, United States Code, Section 841 and is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6); and is property, real or personal, which constitutes or is derived from

proceeds traceable to violations of Title 21, United States Code, Section 846 and Title 21, United States Code, Section 841, and is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C).

## INITIATION OF CIVIL JUDICIAL ACTION

36. On or about September 29, 2025, BERGEN, submitted a claim to the United States Customs and Border Protection's Fines, Penalties, and Forfeitures Office to halt the administrative forfeiture proceedings against the Defendant Property and requested referral for judicial forfeiture proceedings.

## CONCLUSION AND REQUEST FOR RELIEF

37. Based on all of the foregoing facts, the circumstances surrounding these facts, and the experience and training of the law enforcement officials involved, there is a reasonable belief that the Defendant Property was furnished or was intended to be furnished in the furtherance of controlled substances distribution, and/or constitutes proceeds traceable to controlled substance distribution and is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 21, United States Code, Section 881(a)(6).

WHEREFORE, the United States of America respectfully requests that:

(1) due process issue for the arrest of the Defendant Property;

(2) all persons having any interest therein be cited to appear and show cause why the forfeiture should not be decreed;

(3) a judgment be entered declaring the Defendant Property condemned and forfeited to the United States of America for disposition in accordance with the law;

  (4)  the costs of this suit be paid to and recovered by the United States of America; and

  (5)  the Court grants such other and further relief as deemed just and proper.

DATED:  December 11, 2025
      Buffalo, New York.

                MICHAEL DIGIACOMO
                United States Attorney
                Western District of New York

                /s/ *Mary Clare Kane*
           By: MARY CLARE KANE
              Assistant United States Attorney
              United States Attorney's Office
              Western District of New York
              138 Delaware Avenue
              Buffalo, New York 14202
              (716) 843-5809
              mary.kane@usa.doj.gov

STATE OF NEW YORK )
COUNTY OF ERIE ) ss.:
CITY OF BUFFALO )

FRANK ZABAWA, being duly sworn, deposes and says:

I am a Special Agent with Homeland Security Investigations in Buffalo New York, and I am familiar with the facts and circumstances surrounding the seizure of one (1) Rolex Oyster Perpetual Daytona Cosmograph chronograph wristwatch, Model number 126500, bearing serial number OXJ25447 and approximately $1,360.00 in United States Currency seized from Niall Patrick Bergen on or about July 15, 2025. The facts alleged in the Complaint for Forfeiture are true to the best of my knowledge and belief and based upon my personal knowledge and information furnished to me by officers and agents of the Homeland Security Investigations Border Enforcement Task Force, and the Erie County Sheriff's Office, and provided to officials of the United States Department of Justice.

/s/ Frank Zabawa
FRANK ZABAWA
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me
This 11 day of December 2025

/s/ Kathleen Reiman
Kathleen Reiman
Notary Public, State of New York
Qualified in Erie County
Reg No. 01R149866756
My Commission Expires: 09-23-2029